IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| YASHEKA FARREY<br>o/b/o S.Q.R.C., a minor,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | CIVIL ACTION NO. 1:15-cv-694-WC |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff Yasheka Farrey, on behalf of her minor son S.Q.R.C., applied for supplemental security income ("SSI") under Title XVI of the Social Security Act on January 30, 2012. The application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which he found S.Q.R.C. not disabled since the date the application was filed. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to

the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 13); Def.'s Consent to Jurisdiction (Doc. 14). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 includes the standard for defining child disability under the Social Security Act. *See* PUB. L. NO. 104-193, 110 Stat. 2105, 2188 (1996). The statute provides that an individual under age eighteen shall be considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The sequential analysis for determining whether a child claimant is disabled is as follows:

> 1. If the claimant is engaged in substantial gainful activity, she is not disabled.
>
> 2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, she is not disabled.

---

Social Security matters were transferred to the Commissioner of Social Security.

> 3. If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, and Appendix 1.  If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997); *see also Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1278 (11th Cir. 2004).

> In determining whether an impairment functionally equals a listed impairment, the ALJ must consider the child's ability to function in six different "domains": (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) "caring for yourself;" and (6) health and physical well-being.  If the child has "marked" limitations in two of these domains, or an "extreme" limitation in any one domain, then his impairment functionally equals the listed impairments, and he will be found to be disabled.  A "marked" limitation is one that seriously interferes with the child's ability to initiate, sustain, or complete activities.  An extreme limitation is one that "very seriously" interferes with the child's ability to initiate, sustain, or complete activities.

*Coleman ex rel. J.K.C. v. Comm'r of Soc. Sec.*, 454 F. App'x 751, 752 (11th Cir. 2011) (internal citations omitted).

The Commissioner's regulations provide that if a child's impairment or impairments are not medically equal, or functionally equivalent in severity, to a listed impairment, the child is not disabled.  *See* 20 C.F.R. § 416.924(d)(2) (1997).  In reviewing the Commissioner's decision, the court asks only whether the ALJ's findings concerning the steps are supported by substantial evidence.  "Under this limited standard of review, [the court] may not make fact-findings, re-weigh the evidence, or substitute

[its] judgment for that of the [ALJ]." *Bryant v. Soc. Sec. Admin.*, 478 F. App'x 644, 645 (11th Cir. 2012) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Where substantial evidence supporting the ALJ's fact findings exists, [the court] cannot overturn those findings even if other substantial evidence exists that is contrary to the ALJ's findings." *Id*. (citing *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991)); *see also McMillian, o/b/o A.T.F. v. Comm'r of Soc. Sec.*, 521 F. App'x 801, 802 (11th Cir. 2013) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)) ("'Even if the evidence preponderates against the [Commissioner's] factual findings, we must affirm if the decision reached is supported by substantial evidence.'").

## III.   ADMINISTRATIVE PROCEEDINGS

S.Q.R.C. was eleven years old at the time of the hearing before the ALJ. Tr. 30. Following the administrative hearing, the ALJ found at Step One that S.Q.R.C. had not engaged in substantial gainful activity at any time since the application date. Tr. 12. The ALJ found at Step Two that S.Q.R.C. has the medically determinable impairments of "attention deficit hyperactivity disorder [ADHD] and obsessive compulsive disorder [OCD][.]" *Id.* However, the ALJ determined that, based upon the record evidence, claimant's medically determinable impairments "cause no more than minimal functional limitations[,]" and, consequently, they are not severe impairments within the meaning of relevant law. Tr. 12-17. Accordingly, because the ALJ found that claimant's

4

impairments are not severe, the ALJ found that claimant is not disabled at Step Two of the sequential evaluation process and did not proceed to Step Three.

## IV.  PLAINTIFF'S CLAIMS

In her "Statement of Issues," Plaintiff ostensibly presents only one issue for this court's consideration in review of the ALJ's decision: "THE ALJ ERRED IN SUBSTITUTING HIS LAY OPINION FOR THOSE OF THE MEDICAL EXPERTS." Pl.'s Br. (Doc. 15) at 4.  However, in the "ARGUMENT" section of her brief, Plaintiff appears to argue only that the ALJ violated the guidance of SSR 09-1p by failing to correctly apply the "whole child" approach in determining whether Claimant's impairments meet or equal in severity one of the listed impairments.  *Id.* at 15-19.

## V.  DISCUSSION

### A.  The ALJ's failure to apply the "whole child" standard of SSR09-1p.

Plaintiff argues that the ALJ failed to apply the "whole child" standard of SSR09-1p in rendering his decision:

> As set forth in SSR 09-01p[,] the ALJ is required to evaluate the "whole child" to make a finding regarding functional equivalence.  It further states the "whole child" approach recognizes that many activities require the use of more than one of the abilities described in the first five domains, and that they may also be affected by a problem considered in the sixth domain.  SSR 0[9]-01p also requires that the ALJ must consider all relevant evidence in the case record, including objective medical and other evidence, and all of the relevant factors discussed in 20 C.F.R. 416.924(a).
>
> Not only did the ALJ not use the "whole child" but failed to take into account the kinds of help or support needed to make his functioning possible or improve the functioning.  This child is not functioning as well

> as other same-age peers as evidenced by the case record even with all the extra support provided to him.
>
> In summary, the claimant has marked limitation in two functional domains and had the ALJ correctly applied SSR 09-01p and the "whole child" approach, he would have issued a full favorable decision.

Pl.'s Br. (doc. 15) at 19.

As noted above, because the ALJ found that Claimant's impairments are not severe, the ALJ did not proceed to Step Three and determine whether Claimant's impairments meet or are functionally or medically equal to a listed impairment. As such, it is immaterial that the ALJ may have failed to apply the "whole child" approach of SSR 09-1p. Accordingly, the only claim of error clearly presented in Plaintiff's brief is without merit.

Because Plaintiff has failed to present any discrete argument about whether the ALJ erred in his Step Two analysis, such argument is waived. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (finding argument "waived because [plaintiff] did not clearly present it to the district court"). Nevertheless, to the extent that Plaintiff's brief could be read as presenting any argument that the ALJ erred in his Step Two analysis, such claim is also without merit. An impairment is not severe if it "is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations[.]" 20 C.F.R. § 416.924(c). The ALJ summarized why he found Claimant's impairments to be less than severe as follows:

> In sum, the conclusion that the claimant has an impairment or combination of impairments that cause no more than minimal functional limitations is supported by the lack of observed symptoms per treating source records. The consultative examination demonstrates no significant mental signs despite claimant not taking medication that day. The claimant is on A-B honor roll, has no grade failures, and has no disciplinary actions. The last evaluation of December 2013 is essentially normal despite reported symptoms.

Tr. 17. Indeed, substantial evidence supports the ALJ's decision. The record generally reflects that Claimant responded well to medication for his conditions (*see, e.g.*, Tr. 154, 212, 245, 250), that Claimant did not have serious behavioral problems caused by any impairment (Tr. 496), and that Claimant demonstrated essentially normal functioning during the consultative examination, even though he had not taken his medication on the day of the examination (Tr. 213-14). Furthermore, the record establishes that, physically, Claimant functions at a normal, age-appropriate level (Tr. 32), gets along with his teachers (Tr. 32), talks to girls (Tr. 32), plays with children in the neighborhood and participates in organized sports activities (Tr. 214), and has not failed a level in school and has generally received good grades (Tr. 212, 245). In essence, it appears that Plaintiff's chief concern for Claimant is not his overall ability to function, but, rather, his habit of "chewing" on his fingers when he is anxious and how that might cause other children to respond to him. Tr. 33. Plaintiff's apparent concerns about bullying, while undoubtedly sincere and legitimate, are distinct from the question of whether or not the condition which causes Claimant to "chew" on his hands is disabling.

At bottom, and for the reasons outlined by the Commissioner in her detailed review of the record evidence, *see* Def.'s Br. (Doc. 16) at 4-12, the overall impression created by the record is of a young person with essentially normal functioning who responds well to medications administered to treat his conditions. While there is certainly evidence in the record that Claimant has some impairments requiring medical and therapeutic intervention, there plainly is substantial evidence in the record supporting the ALJ's conclusion that Plaintiff's impairments are not severe, especially considering the wealth of evidence demonstrating his positive responses to treatment. *See, e.g., Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) ("A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling."). Moreover, in focusing her argument on the irrelevant point that the ALJ failed to apply the "whole child" approach at a step in the sequential evaluation process which the ALJ did not even reach, Plaintiff has largely failed to engage with the medical record in even a nominal attempt to show that, in fact, the ALJ's decision is not supported by substantial evidence.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 21st day of October, 2016.

                                                  /s/ Wallace Capel, Jr.
                                                  UNITED STATES MAGISTRATE JUDGE